Filed 2/3/21  P. v. Garcia CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ALFRED ANTHONY GARCIA,<br><br>        Defendant and Appellant. | A160263<br><br>(Solano County<br>Super. Ct. No. VCR235289) |

Defendant Alfred Anthony Garcia appeals from an order requiring him to submit to involuntary administration of antipsychotic medication pursuant to Penal Code section 1370, subdivision (a)(2)(B)(i)(I).  On appeal, his appellate counsel has filed an opening brief raising no arguable issues.  Counsel asks this court to exercise our discretion to independently review the record (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*)) or "at a minimum, conduct the level of review prescribed for [Lanterman-Petris-Short Act] conservatees" in accordance with *Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*).  We provided defendant with a copy of the brief and informed him of his right to file a supplemental brief, but he has not done so.

As acknowledged by appellate counsel, *Wende* review is only available in a first appeal of rights from a criminal conviction.  (*Ben C., supra*, 40 Cal.4th at pp. 543-544; *People v. Serrano* (2012) 211 Cal.App.4th 496, 501; *People v. Taylor* (2008) 160 Cal.App.4th 304, 312.)  However, given the

1

"private interests at stake" and the "restraints upon physical freedom and personal autonomy" at issue, we will proceed with a *Wende* review. (*Ben C., supra*, 40 Cal.4th at pp. 543-544, fn. 7 & p. 545 (dis. opn. of George, C.J.).)

Upon independent review of the record, we find no arguable issues on appeal and affirm the order.

## BACKGROUND

A felony complaint alleged defendant committed one count of battery with serious bodily injury. (Pen. Code, §§ 242, 243, subd. (d).)[1] The complaint further alleged defendant suffered a prior conviction of a serious felony (§§ 1170.12, subd. (b), 667, subds. (a) & (b)-(i)). The trial court subsequently found defendant was not competent within the meaning of section 1368 and committed him to the Department of State Hospitals. The Department petitioned the court to allow involuntary treatment with antipsychotic medication. The court conducted a hearing on the petition, at which Dr. Don Purcell, a board-certified psychiatrist, testified as the only witness. Dr. Purcell had seen defendant "approximately a dozen times" and reviewed his mental health and medical records. Dr. Purcell testified about defendant's diagnosis, symptoms, behaviors, and mental health history. After hearing from counsel, the court ordered the involuntary administration of antipsychotic medication.

## DISCUSSION

With respect to determining the validity of an order authorizing the involuntary administration of antipsychotic medication, section 1370 provides, in pertinent part, the court shall determine whether the "defendant lacks capacity to make decisions regarding antipsychotic medication, and, if the defendant's mental disorder requires medical treatment with

---

[1] All further statutory references are to the Penal Code.

2

antipsychotic medication, and, if the defendant's mental disorder is not treated with antipsychotic medication, it is probable that serious harm to the physical or mental health of the patient will result. Probability of serious harm to the physical or mental health of the defendant requires evidence that the defendant is presently suffering adverse effects to his or her physical or mental health, or the defendant has previously suffered these effects as a result of a mental disorder and his or her condition is substantially deteriorating." (§ 1370, subd. (a)(2)(B)(i)(I).)

Having reviewed the entire record, we conclude the order authorizing involuntary administration of antipsychotic medication is supported by substantial evidence. Additionally, defendant was at all times represented by competent counsel who protected his rights and interests. Accordingly, our independent review of the record discloses no arguable issue requiring further briefing.

**DISPOSITION**

The order is affirmed.

3

_____

Banke, J.

We concur:

_____

Margulies, Acting P.J.

_____

Sanchez, J.

A160263, People v. Garcia